UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON FERGUSON,

    Petitioner,

    v.                                                Case No. 24-cv-1479-SCD

ROBERT MILLER,
*Warden, Racine Correctional Institution,*

    Respondent.

## DECISION AND ORDER

    Aaron Ferguson was tried in Wisconsin state court for the sexual assault of his daughter. Ferguson's daughter, A.F., sat for a recorded forensic interview and later recanted. At trial, A.F. testified that she made up the abuse allegations. During the forensic examiner's testimony and over defense's objection, the State played the recorded interview for the jury. Ferguson was convicted of sexual assault and incest, and the state appellate court affirmed.

    Ferguson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions. Ferguson claims that the court violated his due process and confrontation rights by admitting the recorded interview into evidence. The respondent has moved to dismiss the petition, arguing that, first, Ferguson's evidence claim is a question of state law and, second, any federal issue was not fairly presented to the state courts. Because Ferguson did not fairly present a federal claim in state court, and because Ferguson has failed to show an excuse for that default, I will grant the respondent's motion, deny Ferguson's petition, and dismiss this action.

## BACKGROUND

The State of Wisconsin charged Ferguson with repeated sexual assault of the same child and incest with a child after his daughter A.F. disclosed allegations of abuse to a friend. *See* ECF No. 1-3 at 1. A.F. sat for a forty-three-minute forensic interview that proceeded in two parts, with a break around minute thirty-three. ECF No. 1-1 ¶ 2. During the second part, the interviewer used "several leading questions to cover topics like ejaculation and the presence of her sister in the room on a shared bunkbed, as A.F. had previously reported that nobody was present in the room during the alleged assaults." ECF No. 1-3 at 2. Soon thereafter, A.F. recanted the allegations. *Id.*; ECF No. 1-1 ¶ 3.

Pre-trial, the State argued multiple pathways for the whole recorded interview to be played for the jury. *See* ECF No. 1-1 ¶¶ 3–5. The Hon. Maria S. Lazar decided many of the issues—finding that some portions of the recording couldn't be admitted under the residual hearsay rule—and left "the ultimate decision … for the next judge." *Id.* ¶ 5. Then Judge Lazar rotated off the case and it was transferred to the Hon. Brad D. Schimel, who took the matter under advisement for until after A.F. testified. *Id.* ¶ 6. At trial, A.F. testified that she made up the allegations. ECF No. 1-3 at 2. Later, during the forensic examiner's testimony, the court admitted the whole recorded interview as extrinsic evidence of a prior inconsistent statement of a witness under Wis. Stat. § 906.13—in other words, not hearsay under Wis. Stat. § 908.01(4)(a)1. ECF No. 1-1 ¶ 7.

The jury found Ferguson guilty, and the court sentenced him to 10 years' initial confinement and eight years' extended supervision. ECF No. 1 at 2. On direct appeal, Ferguson argued that it was error for Judge Schimel to admit the recording in full when Judge Lazar had already determined that a portion was inadmissible under the residual hearsay rule

or a hearsay exception for lacking circumstantial guarantees of trustworthiness. ECF No. 1-1 ¶ 9; ECF No. 8-1 at 17, 19–20. Ferguson framed the issue on appeal like this:

> At a criminal trial, can a witness be cross-examined with a prior inconsistent statement, specifically a child forensic interview, and that statement be later introduced as extrinsic evidence pursuant to sections 908.01(4)(a)1. and 906.13(2)(a), *Stats.*, when the prior statements in question are untrustworthy in that the forensic interviewer led the child witness during the interview to answers which plainly contradict other previous statements the child made during that same interview?

ECF No. 8-1 at 7.

The court of appeals rejected Ferguson's arguments. ECF No. 1-1 ¶ 12. It held that, under Wisconsin's rules of evidence, the statement was not hearsay and was therefore admissible: no judicial determination of inherent reliability required. *Id.* ¶¶ 10–12. Notably, the phrases "due process" and "confrontation clause" do not appear in Ferguson's state appellate brief or the court of appeals decision. *See id.*

Robert Miller, the warden who has custody of Ferguson, has moved to dismiss the petition under the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 7 at 1. Ferguson has submitted a brief opposing the motion. *See* ECF No. 9. And Miller has filed a reply brief. *See* ECF No. 11.

## DISCUSSION

Miller argues that Ferguson's petition must be dismissed because his evidence claim is a matter of state law that is not cognizable in federal habeas corpus. ECF No. 8 at 2. In response, Ferguson contends that the state trial court's handling of the recorded interview violated his confrontation and due process rights under the Sixth and Fourteenth amendments. ECF No. 10 at 2. Ferguson argues that "the video *was not* admissible as a prior

3

inconsistent statement under Wis. Stats. §908.01(4)(a) and therefore contained inadmissible hearsay that was introduced to the jury in violation of the confrontation clause, which is triggered when a party offers testimonial evidence not subject to proper cross-examination." *Id.* Miller points out that addressing the constitutional claims would require disagreeing with the court of appeals' resolution of state law; further, according to Miller, Ferguson did not fairly present a federal claim in state court. ECF No. 11 at 1–2.

To the extent Ferguson challenges the state courts' interpretation of Wisconsin rules of evidence, that claim is not cognizable under § 2254. A state prisoner like Ferguson may seek habeas relief under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has repeatedly explained "that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[T]he admissibility of evidence in state courts is a matter of state law." *United States ex rel. Di Giacomo v. Franzen*, 680 F.2d 515, 517 (7th Cir. 1982). "[E]ven if there had been an error of Wisconsin law regarding the admission of evidence, it is not our role to correct it." *Morgan v. Krenke*, 232 F.3d 562, 567 (7th Cir. 2000). Here, Ferguson's claim is ultimately about Wisconsin's evidence rules; that's a state law claim not cognizable on habeas review.

To the extent Ferguson alleges that the trial court's decision impacted his due process and confrontation clause rights, he did not fairly present that claim to the state courts. Evidentiary questions are subject to federal review under § 2254 if the admission of evidence resulted in the "denial of fundamental fairness or the denial of a specific constitutional right." *United States ex rel. Di Giacomo v. Franzen*, 680 F.2d at 517 (citing *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir. 1976)). "Before seeking relief in federal court, a habeas

4

petitioner must first give the State the opportunity to address and correct any alleged violation of his federal rights." *Brown v. Eplett*, 48 F.4th 543, 552 (7th Cir. 2022); *see also* 28 U.S.C. § 2254(b), (c). This means that the petitioner "must fairly present his federal claim through one complete round of review in state court, 'thereby alerting that court to the federal nature of the claim.'" *Brown*, 48 F.4th at 552 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

"Fair presentment . . . does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001)). "In the absence of a state rule that specifically governs the presentment of a constitutional claim," courts consider four factors when assessing whether a habeas petitioner fairly presented his federal claim in state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 454 (7th Cir. 1984)). "If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, 'then this court will not consider the state courts to have had a fair opportunity to consider the claim.'" *Id.* at 327–28 (quoting *Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

None of the four factors is present here. Ferguson, who was represented by counsel during his direct appeal in state court, cited two U.S. Supreme Court cases in his state appeal brief: *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Harris v. New York*, 401 U.S. 222 (1971). ECF No. 8-1 at 4. Neither of these cases analyze a defendant's right to confront a witness against

5

him. Ferguson's state cases also do not discuss the confrontation clause or due process. *See id.* *Wold v. State*, 204 N.W.2d 482 (1973) cites *Harris v. New York* for the proposition that some statements inadmissible under *Miranda* might still be admissible for impeachment purposes, so this case does not apply the confrontation clause to similar facts. *See Wold v. State*, 204 N.W.2d 482, 490–91 (Wis. 1973); ECF No. 1-1 ¶ 10.

Factors 3 and 4 are also not present here. Ferguson did not frame his claim in state court in terms so particular as to call to mind the confrontation clause or due process clause, nor allege a pattern of fact within the mainstream of confrontation clause litigation. The state appellate brief and court of appeals decision focus narrowly on teasing out prior inconsistent statements from hearsay. ECF No. 1-1 ¶¶ 11–12; ECF No. 8-1 at 15–16. Hearsay rules and the confrontation clause share common values, but "it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law." *Cal. v. Green*, 399 U.S. 149, 155 (1970). Thus, Ferguson failed to fairly present his federal claim in state court.

Because Ferguson did not give the state courts an opportunity to address his federal claim, and because the opportunity to raise that claim appears to have lapsed, *see* Wis. Stat. § 974.06 and *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), I am precluded from reviewing the merits unless Ferguson can show both cause for and prejudice from the default or can demonstrate that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Lieberman v. Thomas*, 505 F.3d 665, 669–71 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)); *see also Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (citations omitted). Ferguson does not argue cause and prejudice.

6

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, no reasonable jurist would find it debatable that Ferguson's claim is a question of state law, and any federal claim was not fairly presented to the state courts. I will therefore deny a certificate of appealability.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss, ECF No. 7; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 18th day of August, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge

7

Case 2:24-cv-01479-SCD   Filed 08/18/25   Page 7 of 7   Document 12